DILAN A. ESPER (Bar No. 178293)
desper@harderllp.com
HARDER LLP
132 S. Rodeo Dr., Fourth Floor
Beverly Hills, CA 90212
Tel. (424) 203-1600
Fax (424) 203-1601

Attorneys for Applicant Eurasian Natural Resources Corporation Ltd.

FILED

FEB - 8 2019

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

In re Application of

EURASIAN NATURAL RESOURCES CORPORATION LTD.,

Applicant.

No. CV 19-80 037 MISC SK

APPLICATION OF EURASIAN NATURAL RESOURCES CORPORATION FOR DISCOVERY FOR USE IN A FOREIGN PROCEEDING

[DECLARATION OF MAGNUS BOYD FILED CONCURRENTLY]

{00098044;2}

Applicant Eurasian Natural Resources Corporation Ltd. ("ENRC") hereby applies for an order permitting discovery under 28 U.SC. § 1782 for use in a foreign judicial proceeding in the United Kingdom.

Section 1782 permits an application for discovery "upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court". 28 U.S.C. § 1782.

Section 1782 discovery does not require a specific pending judicial proceeding; it is enough that the proceeding is "within reasonable contemplation". *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 259 (2004).

"Three elements must be satisfied before 28 USC § 1782 may be invoked: (a) the person from whom discovery is sought resides, or can be found, in the district where the application is made, (b) the discovery is for use in a proceeding before a foreign tribunal, and (c) the application is made by a foreign or international tribunal or 'any interested person.'" *California Practice Guide: Federal Civil Procedure Before Trial California & 9th Circuit Editions* § 11:1290 (The Rutter Group 2017) ("*Rutter Group Federal Procedure*").

In this case, the discovery will be directed to Sir Nicholas William Peter Clegg, an individual residing and working in this judicial district. The discovery is for use in a pending action in the United Kingdom. And the application is being made by an "interested person", ENRC, who is attempting to obtain relevant evidence for a pending claim.

Relief under Section 1782 is discretionary. Factors to be considered in exercising the Court's discretion include the need for the federal court's assistance, the receptivity of the foreign tribunal to the federal court's assistance, and the scope of discovery sought, including whether it attempts to circumvent restrictions imposed by the foreign court. *Rutter Group Federal Procedure* §§ 11:1305.1-11:1305.3.

However, there is no requirement that the discovery must be available under

the foreign court's rules before it may be ordered by a US District Court. *Intel*, 542 U.S. at 261.

In the case at bar, there is a need for federal court assistance because Clegg lives and works in the Northern District of California and is arguably not amenable to process or personal jurisdiction in the United Kingdom. Further, the documents and information that are sought are within his possession, custody, and control and are thus within the jurisdiction of this Court and may not be within the jurisdiction of the UK courts.

The United States and the United Kingdom enjoy a very good diplomatic relationship and there is no reason to believe that the UK courts would interpose any sort of objection to a District Court ordering discovery.

ENRC seeks no official government documents or internal or intradepartmental government correspondence. The correspondence sought is between Clegg and private individuals, which clearly falls outside the scope of Clegg's performance of his ministerial duties. Under English law, members (or former members) of the executive have no special immunity with respect to orders for disclosure (the English law term for civil discovery). However, pursuant to Part 31.19 of the English Civil Procedure Rules, a person may apply for an order permitting him to withhold disclosure of a document on the ground that disclosure would damage the public interest; this principle is known as Public Interest Immunity ("**PII**"). In *Conway v Rimmer* [1968] AC 910, governmental documents which are capable of attracting PII included cabinet papers, foreign office dispatches, interdepartmental minutes and correspondence pertaining to the general administration of the naval, military and air force services. The UK government has adopted the policy that "*PII can only ever apply where disclosure of material would cause real damage to the public interest*" (December 1996 Report, adopted as government policy on 11 July 1997), including, for example, for reasons of national security (*Balfour v Foreign and Commonwealth Office* [1994] 2 All ER 588). ENRC

- 2 -

{00098044;2}

does not seek documents or communications potentially amenable to PII by this application.

Finally, this discovery is relevant to a claim that ENRC has brought.[1] In December 2010, ENRC engaged David Neil Gerrard, at the time a partner at the law firm DLA Piper UK LLP ("DLA"), to conduct a discrete investigation of alleged wrongdoing by an ENRC subsidiary in Kazakhstan. In April 2011, Gerrard became a partner at Dechert LLP ("Dechert"), and ENRC continued to retain him at his new firm.

On August 9, 2011, *The Times*, a London newspaper, published an article about allegations of corruption relating to ENRC. The article was based on confidential and privileged documents that had been leaked to the press without ENRC's consent. On August 10, 2011, the Serious Fraud Office ("SFO") of the United Kingdom wrote to ENRC inviting it to a meeting to discuss its governance and compliance program and its response to the allegations as reported.

Over the subsequent one-and-a-half years, Gerrard was in close contact with the SFO. In the meantime, the scope of Dechert's investigation massively expanded.

In October 2011, Dechert announced that it had hired Miriam González Durántez, who had until then been a partner at DLA. González was at the time (and remains) Clegg's wife.

On December 17, 2011, Mark Thompson of the SFO wrote a letter to the Foreign & Commonwealth Office (the "Foreign Office Letter"). As appears on the face of the Foreign Office Letter, Thompson was responding to a request for a briefing on "*any investigation by the SFO into the above company* [ENRC] *in anticipation of a possible question for the Deputy Prime Minister*". Clegg was the Deputy Prime Minister of the United Kingdom between May 2010 and May 2015.

In or around the end of January 2012, González became involved in Dechert's

---

[1] All relevant facts herein are evidenced in the Declaration of ENRC's UK counsel, Magnus Boyd, filed concurrently herewith.

- 3 -

{00098044;2}

investigation of ENRC.

In July 2012, an anonymous letter (the "Whistleblower Letter") was sent to the SFO Director. The Whistleblower Letter made a number of serious allegations regarding Gerrard's relationship with the SFO. According to the Whistleblower Letter: "*He* [Gerrard] *claimed that via Miriam Gonzales his legal partner he had direct access to Nick Clegg and the heads many European governments. He had the ability to influence and in some cases change government policy.*"

Dechert's retainer was terminated at the end of March 2013. In September 2017, ENRC brought proceedings against Dechert and Gerrard in the English courts. ENRC's case in those proceedings is that Gerrard instigated the leak to *The Times*, and that he made a series of potentially incriminating and damaging disclosures to the SFO without the company's knowledge, authority or consent. The truth or falsity of the allegations in the Whistleblower Letter is in dispute in those proceedings.

By this application, ENRC seeks discovery from Clegg, the former Deputy Prime Minister who (according to the Foreign Office Letter) wanted a briefing on any investigation by the SFO into ENRC, and to whom (according to the Whistleblower Letter) Gerrard claimed to have "*direct access*".

ENRC seeks the testimony and discovery sought by this application from Clegg so as to establish whether Gerrard abused his relationship with Clegg with respect to ENRC, proof of which would constitute significant and relevant evidence for the purposes of the claim ENRC has issued in the English courts against Dechert LLP and Gerrard. This discovery is being sought in this Court because Clegg can be found in this district, and is therefore not being sought to circumvent any restrictions on discovery imposed by the High Court.

{00098044;2}

1   Accordingly, ENRC respectfully requests that this Court grant the relief and
2   permit the service of a subpoena for documents and testimony.
3
4                                    Respectfully submitted,
5   DATED:    February 8, 2019
                                     DILAN A. ESPER
6                                    HARDER LLP
7
8                                    By _____
9
10                                   Attorneys for Applicant

{00098044;2}