ALLEN RUBY
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
525 University Avenue, Suite 1400
Palo Alto, California 94301
Telephone: (650) 470-4500
Facsimile:  (650) 470-4570
allen.ruby@skadden.com

Attorneys for Sir Nicholas William Peter Clegg

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re Application of<br><br>EURASIAN NATURAL RESOURCES CORPORATION LTD.,<br><br>Applicant. | CASE NO. 3:19-mc-80037 SK<br><br>**SIR NICHOLAS WILLIAM PETER CLEGG'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO APPLICATION OF EURASIAN NATURAL RESOURCES CORPORATION LTD ("ENRC") FOR DISCOVERY FOR USE IN A FOREIGN PROCEEDING** |

### I.  INTRODUCTION

Sir Nicholas William Peter Clegg ("Mr. Clegg") opposes the application for discovery filed by ENRC (the "Application") on February 8, 2019.  The Application does not establish the elements required by the governing statute, 28 U.S.C. Section 1782, as explained by the Supreme Court in *Intel Corp. v Advanced Microdevices, Inc*., 124 S. Ct 2466 (2004) and by this Court in *Rainsy v. Facebook,* 311 F. Supp. 3d 1101 (N.D. Cal May 4, 2018).

Here is how ENRC characterizes its own application:

> By this application, ENRC seeks discovery from Clegg, the former Deputy Prime Minister who (according to [a letter on Foreign Office letterhead]) wanted a briefing on any investigation by the SFO into ENRC, and to whom, (according to [a letter from an anonymous writer]) [a lawyer affiliated with the same law firm as Mr. Clegg's wife] claimed to have 'direct access.'

Application, p. 4, lines 14-17.

1

Sir Nicholas William Peter Clegg's Opposition To
Application Of Eurasian Natural Resources Corporation Ltd.

**CASE NO.** 3:19-mc-80037 SK

According to the anonymous writer, whomever he or she may be, the "direct access" claim was made by a man who was "obviously drunk". The drunken individual claimed that he had "direct access" to "the heads of many European governments," in addition to Mr. Clegg, and that this access was combined with "the ability to influence and in some cases change government policy." Exhibit B to Declaration of Magnus Boyd in Support of Application.

The letter on Foreign Office letterhead is a somewhat ambiguous document which ENRC interprets to suggest that more than seven years ago Mr. Clegg asked Foreign Office staff for information on ENRC in preparation for Question Time in the House of Commons. The ambiguity in the letter is now moot in light of recent correspondence from Helen McNamara, Director General, Propriety and Ethics of the Cabinet Office. Following a comprehensive search of the files of four relevant Government offices, Ms. McNamara advised Mr. Clegg that "we can find no record of you having asked for or received briefing on Eurasian Natural Resources Corporation." (Exhibit 1 to Declaration of Allen Ruby in Opposition to Application.)

The Court cannot be expected to exercise its discretion under Section 1782 unless the Applicant provides facts establishing a statutory basis for discovery. ENRC has provided no such facts. Instead it asks the court to act upon the basis of triple hearsay from an anonymous source purporting to describe the grandiose statements of an intoxicated person, and an ambiguous letter whose application to Mr. Clegg, if any, is thoroughly displaced by the results of an extensive search of pertinent records under the supervision of a senior, high level government official.

Finally, although the Application does not warrant any relief under Section 1782, it seeks broad, completely unbounded power to interrogate Mr. Clegg. The breadth of the Application would itself be grounds for denial even if there were some substance to the Application which there is not.

Mr. Clegg respectfully asks that the Application of ENRC for discovery be denied.

## II.   ARGUMENT

### A.   ENRC Has Not Met Its Burden Under 28 U.S.C. § 1782

A district court may grant an application pursuant to 28 U.S.C. § 1782 where (i) the person

2

Sir Nicholas William Peter Clegg's Opposition To
Application Of Eurasian Natural Resources Corporation Ltd.

CASE NO. 3:19-mc-80037 SK

from whom the discovery is sought resides or is found in the district of the district court to which the application is made, (ii) the discovery is for use in a proceeding before a foreign tribunal, and (iii) the application is made by a foreign or internal tribunal or any interested person.  *In re Republic of Ecuador*, 2010 WL 3702427 at * 2 (N.D. Cal., Sept. 15, 2010.)

The three statutory requirements are discussed separately below.

### 1. Is the person from whom the discovery is sought found in the Northern District of California?

Mr. Clegg does not dispute that he is presently within the Northern District of California.

### 2. Is ENRC an "interested person" within the meaning of the statute?

A litigant in a foreign proceeding is an "interested person" who can seek discovery pursuant to § 1782.  *Rainsy v. Facebook, Inc.*, 311 F. Supp. 3d 1101, 1109 (N.D. Cal. 2018), hereafter "*Rainsy*."  ENRC's Application says that "in September 2017, ENRC brought proceedings against Dechert and Gerrard in the English courts."  Application at p. 4, lines 8-9.

Unlike the Applicant in *Rainsy*, ENRC has submitted neither documents nor sworn testimony verifying the existence or particulars of the "proceedings . . . in the [foreign] courts" alleged in its Application.  There would seem to be very little burden on ENRC to provide this information.  Its failure to do so prevents Mr. Clegg from conceding that this element of § 1782 is established by the moving papers.

### 3. Discovery for use in a foreign proceeding.

A party seeking discovery pursuant to § 1782 must show that the discovery sought is relevant to the claims and defenses in the foreign tribunal, and the court should be "permissive" in interpreting that standard.  *Rainsy*, *supra*, 311 F. Supp. 3d at 1110; see also *in re Veiga*, 746 F. Supp. 2d 8, 18, (D.D.C. 2010).  ENRC has plainly failed to meet its burden "of demonstrating the relevance of the information sought."  *Rainsy*, *supra*, 311 F. Supp. 3d at 1110 and *Digital Shape Techs., Inc. v. Glassdoor, Inc.*, 2016 WL 5930275 at * 3 (N.D. Cal., Oct. 12, 2016).

First of all the skeletal description of the "proceedings" at page 4, lines 9-13, of the Application provides no real understanding of any claims that might be connected to testimony from Mr. Clegg.  It provides no information at all regarding defenses.  Once again, since the

3

Sir Nicholas William Peter Clegg's Opposition To
Application Of Eurasian Natural Resources Corporation Ltd.

**CASE NO.** 3:19-mc-80037 SK

proceedings were allegedly brought by ENRC, the burden on ENRC to provide a reasonably robust description of the claims by declaration and/or documents was not formidable.  The record in this Application is too incomplete to permit an informed determination of relevance.

Second, the few specifics provided by ENRC undermine the relevance of any discovery from Mr. Clegg.  According to ENRC, its case in the [English] proceedings is that "Gerrard instigated the leak to *The Times*, and that he made a series of potentially incriminating and damaging disclosures to the SFO without [ENRC's] knowledge, authority or consent."  Application of ENRC at p. 4, lines 10-12.  According to ENRC, this leak to *The Times* was published on August 9, 2011, and was followed the next day by an invitation to ENRC from the Serious Fraud Office to meet regarding the company's affairs.  Application, p. 3, lines 9-14.  However, the Application also asserts that Dechert did not hire Miriam Gonzalez Durantez, Mr. Clegg's wife, until October 2011.  Application at p. 3, lines 17-19.  The Application contains no facts suggesting any connection, however remote, between Mr. Clegg and Dechert until October 2011, months after the alleged "leak" from Dechert to the press.

Third, the Application seeks documents and a deposition from Mr. Clegg.  The requested documents are on their face irrelevant because they set a timeframe of November 1, 2011 to March 31, 2013, which does not correspond to ENRC's description of the claims in the English proceeding.  (See Exhibit E to Boyd Declaration.)  But the Application asks for even more – it seeks a deposition from Mr. Clegg, unbounded by time or subject matter.  The Application does not even attempt to justify such a deposition.

Fourth and finally, the information omitted from the Application casts further doubt on the relevance of discovery from Mr. Clegg under § 1782.  ENRC's allegations and their bases are very old.  The alleged "leak" was in 2011, as is Exhibit B to the Application, the letter to the Serious Fraud Office.  Exhibit D, the anonymous letter, will be seven years old in July.  The legal proceedings in England have supposedly been pending for two and a half years.  In all these years has ENRC ever inquired of Mr. Gerrard whether he had "direct access" to European statesmen and stateswomen?  If so, what did he say?  If not, why not?  The failure of the Application to

4

Sir Nicholas William Peter Clegg's Opposition To
Application Of Eurasian Natural Resources Corporation Ltd.

**CASE NO.** 3:19-mc-80037 SK

demonstrate any due diligence on the part of ENRC over these many years impeaches any suggestion that the discovery sought from Mr. Clegg is relevant to a legal proceeding identified by ENRC.

### B. The Application Finds No Support From Three of the Four Discretionary Factors in *Intel Corp. v. Advanced Microdevices, Inc.*, 124 S. Ct. 2466 (2004) ("*Intel*").

One of the four discretionary *Intel* factors favors the Application: Mr. Clegg is not a participant or a party in any proceeding brought by ENRC in England or anywhere else.

The other three *Intel* factors do not help the Application.

First, as discussed above, the cursory description of "the proceedings in England" do not permit any assessment of the nature of the English tribunal or the character of the proceedings, if any, which are underway, or the receptivity of the English tribunal to assistance from a United States federal court.

Second, as also discussed above, ENRC has said nothing about the proof-gathering tools and limitations of the English tribunal. It is a fair question whether the apparent failure of diligence by ENRC over the years is explained by discovery limitations in English courts which ENRC is attempting to circumvent via §1782.

Third, the discovery sought by ENRC is unduly intrusive and burdensome. ENRC has submitted no competent evidence to suggest that requiring Mr. Clegg to search for documents from years ago, much less to submit to a deposition, will yield any competent evidence.

### III.   CONCLUSION

Mr. Clegg respectfully requests that the Application be denied in its entirety.

Dated:  March 19, 2019                    Respectfully submitted,

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

_____
Allen Ruby
Attorneys for Sir Nicholas William Peter Clegg

5