UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re Application of<br><br>EURASIAN NATURAL RESOURCES CORPORATION LTD.,<br><br>Applicant. | Case No. 19-mc-80037-SK<br><br>**ORDER DENYING APPLICATION**<br><br>Regarding Docket No. 1 |

Now before the Court is the application filed by Eurasian Natural Resources Corporation Ltd. ("ENRC") to permit discovery for use in a foreign proceeding pursuant to 28 U.S.C. § 1782. ENRC has a proceeding against David Neil Gerrard ("Gerrard") and Dechert LLP relating to services Gerrard provided to ENRC while a partner at Dechert LLP. In that proceeding, ENRC contends that Gerrard breached fiduciary and tortious duties he owed to ENRC in relation to an internal investigation that he was hired to conduct and that he engaged in inappropriate conduct with the Serious Fraud Office ("SFO").

In its application, ENRC is seeking to depose Sir Nicholas William Peter Clegg ("Clegg"), the former Deputy Prime Minister of England and to obtain communications between Clegg and Gerrard. Clegg has filed an opposition to ENRC's application. Dechert LLP intervened in this miscellaneous matter, but has not filed any opposition to the application.

"A district court may grant an application pursuant to 28 U.S.C. § 1782 where (1) the person from whom the discovery is sought resides or is found in the district of the district court to which the application is made, (2) the discovery is for use in a proceeding before a foreign tribunal, and (3) the application is made by a foreign or internal tribunal or any interested person." *In re Republic of Ecuador,* 2010 WL 3702427, at *2, (N.D. Cal., Sept. 15, 2010); s*ee also* 28

U.S.C. § 1782(a).

However, even if the above "requirements are met, a district court still retains the discretion to deny a request." *In re Premises Located at 840 140th Ave. NE, Bellevue, Wash.*, 634 F.3d 557, 563 (9th Cir. 2011) (citing *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264 (2004) ("As earlier emphasized, a district court is not required to grant a § 1782(a) discovery application simply because it has the authority to do so." (citation omitted)).

In exercising that discretion, the court considers several factors:

> (1) whether the material sought is within the foreign tribunal's jurisdictional reach and thus accessible absent Section 1782 aid; (2) the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court jurisdictional assistance; (3) whether the Section 1782 request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States; and (4) whether the subpoena contains unduly intrusive or burdensome requests.

*Intel*, 542 U.S. at 264-65; *see also In re Request for Assistance from Ministry of Legal Affairs of Trinidad & Tobago,* 848 F.2d 1151, 1156 (11th Cir.1988) (holding that the district court should deny the request if the district court "suspects that the request is a 'fishing expedition' or a vehicle for harassment"), *abrogated in other part by Intel,* 542 U.S. at 259.

Here, the Court finds that the discovery requests are both unduly intrusive and burdensome, especially when considering Clegg's tangential relationship with the foreign proceeding. ENRC has not described what relationship Clegg had, as Deputy Prime Minister, if any, with the SFO. Moreover, ENRC asserts that it is not seeking any official government documents or internal or intradepartmental government correspondence. (Dkt. 1 (Application), p. 2.) Therefore, it is not clear what communications Clegg would have had with Gerrard, and if he did, what relationship such communications would have had to the SFO or Gerrard's work for ENRC. ENRC appears to be using this application as a fishing expedition. Therefore, the Court, in its discretion, DENIES the application. This Order is without prejudice to ENRC moving again

///

///

///

2

if, at a later date, it develops a substantiated basis to believe Clegg would have evidence relevant to the foreign proceeding.

**IT IS SO ORDERED**.

Dated: May 16, 2019



SALLIE KIM
United States Magistrate Judge